### THE CITY OF OTTUMWA V. PARKS.

1. **Municipal Corporations:** EXCAVATION IN STREET: DAMAGES. If a person, for his private advantage, makes an excavation in a street, and fails to surround it by suitable barriers, he is liable for any injuries resulting from such failure.

2. ——: ——: ——: MAYOR. That the barriers are erected under the direction of the mayor of the city, or with his approval, will not release the party erecting them from liability, the mayor not being authorized to determine in advance what precautionary measures are necessary for the protection of the public.

3. ——: ——: MEASURE OF DAMAGES. If the injured party shall first recover from the city, the person causing the injury appearing in the action and defending, the measure of damages in an action against him by the city is the amount of the judgment with interest and taxable costs. Unless an appeal from the judgment shall have been taken by the city at his instance, he is not liable for the costs thereof.

*Appeal from Van Buren District Court.*

### THURSDAY, APRIL 20.

THE defendant, Samuel Parks, being the owner of certain lots in the city of Ottumwa, which he was desirous of improving by erecting buildings thereon, and constructing a large cellar extending into the street under the sidewalk, by leave of the city took up the sidewalk, and excavated an area about fifty feet long, eight feet wide and seven feet deep, and walled the same up, but left it uncovered for about two months. To prevent accidents, however, he erected a barrier at each end of the excavation, so as to turn the travel off the sidewalk into the street, but he did not erect any barrier along the street. On the evening of the 28th of October, 1870, and while the excavation was in this condition, one Antone Koester fell into it and received injuries for which, in a suit against the city, he recovered the sum of two thousand dollars.

The defendant, Parks, was present a part of the time during the trial, and employed counsel to assist the counsel of the city.

This suit is brought by the city against Parks, to recover of him the said sum of two thousand dollars and interest, and the costs in the said former suit.

The defendant claims that the guards or barriers, such as they were, were erected under the directions of the city, and that, if they were not sufficient, it was the city's own fault. Other facts will appear in the opinion. Trial by jury; verdict for the defendant; plaintiff appeals.

*O. M. Ladd, Wm. McNett,* and *H. B. Hendershott,* for appellant.

The knowledge of a defect in a street, and a failure to repair the same, is such a neglect of duty that the person injured thereby has a right of action against the city, but it does not amount to such *actual* negligence as to cut off the city's right of recovery against the author of the defect. (*Chicago v. Robbins,* 2 Black, 418; *Milford v. Holbrook,* 9 Allen, 17; *Lowell v. B. & L. R. Co.,* 23 Pick., 24; *Portland v. Richardson,* 54 Me., 46; *Rowell v. Williams,* 29 Iowa, 210.) The mayor had no authority to bind the city by giving directions respecting the character of the barriers. (1 Dill. on Mun. Corp., §§ 372, 381-3-4.) A city is not bound by the contracts of its agents, even if they are within the scope of its powers, if made by officers or agents not duly authorized. (*Loker v. Brookline,* 13 Pick., 343; *Butler v. Charleston,* 7 Gray, 12.) The courts adopt a strict construction of the powers of municipal officers, and where a reasonable doubt of the existence of the power arises, the power is denied. (Dill. on Mun. Corp., § 55; *Clark v. City of Des Moines,* 19 Iowa, 209.) All persons dealing with such officers are bound at their peril to know the extent of their powers. (*Clark v. Des Moines, supra.*)

*E. L. Burton, H. H. Trimble,* and *M. H. Jones,* for appellee.

A municipal corporation must answer for the negligence or want of skill of its agents or servants, unless the act com-

plained of lies wholly outside of the general powers of the corporation, and such negligence may be the foundation of an action against it by the person injured. (*Pekin v. Newell*, 26 Ill., 320; *Mayor of Albany v. Cunliff*, 2 Comst., 165; *Parker v. Lowell*, 11 Gray, 355; *Walling v. Shreveport*, 5 La., 660; *Allen v. Decatur*, 24 Ill.; 332; *Lee v. Sandy Hill*, 40 N. Y., 442; Dill. on Mun. Corp., § § 769, 771.) A city is liable for the *bona fide* acts of its officers, done pursuant to a general authority to act for the same on subjects to which the acts relate. (*Lee v. Sandy Hill, supra.*) The mayor has the right to superintend excavations in streets, and determine the sufficiency of barriers. (Dill. on Mun. Corp., 147.) If both parties are in fault, and they are equally so, then neither can recover from the other. (*Lowell v. Boston*, 23 Pick., 32.)

ADAMS, J.  Whatever directions were given by the city to Parks in regard to the character of the guards, were given by the mayor.  On this point Parks testified as follows: "The mayor called me to him one morning and said: 'Mr. Parks, you will have to put up a barricade across the end of the walk, and over across the other end,' pointing to them.  I asked him what kind of a barricade I should put up.  He said I had better drive some stakes or set some posts, and nail some plank to it.  He stood and pointed out on the ground and said : 'You want to extend it so as to turn the travel off the sidewalk.'  He said to extend it three feet beyond the old sidewalk, which was ten feet wide.  One barricade was to be put up at the south, the other at the north end of the lots."

The evidence shows that such guards were put up and maintained.  At the time of the conversation between Parks and the mayor, no digging had been done in the street except a little grading to enable teams to go down into the excavation.

The court instructed the jury as follows: "If you find that the mayor directed the defendant as to what kind of a barrier to erect around said excavation, and defendant did erect and keep in existence such barrier as directed, up to and after the time said Koester fell into said excavation, and was injured as

aforesaid, you will find for the defendant." The giving of the foregoing instruction is assigned as error.

The defendant made a dangerous excavation in a street of the city for his private advantage. A person was injured 1. MUNICIPAL thereby. The tax-payers have paid the damages. corporations: excavations It is claimed by the defendant that the city cannot in streets: damages. recover of him because its mayor supervised the erection of guards, and thereby released him from that full care which the law would otherwise have required of him.

As the city was liable to any person who might be injured by reason of the excavation not being properly guarded, it was the right of the city to interfere and erect such guards or adopt such other precautionary measures as it might deem proper. Now if the measures were such as to *prevent* the defendant from adopting other measures, he would not be liable to the city if they should prove to be insufficient. He would have no right to substitute his judgment for that of the city, and undo what the city did.

We may go even farther. Although the measures adopted by the city should not prevent the defendant from adopting other measures, yet if those adopted should be apparently sufficient to accomplish the object for which they were designed, but proved insufficient by reason of some defect not discoverable by common observation, the defendant, we think, would not be liable, at least to the city. He might, we doubt not, rightfully claim that he was lulled into security by what the city did. But that, we think, is about as far as the law justifies us in going. If a person, for his private advantage, makes an excavation in the street of a city, and the city erects a barrier on one side of it, we do not think that the person who made the excavation is *thereby* relieved from the duty of erecting a barrier on the other side, if the safety of travelers requires it.

Indeed, if the mayor of the plaintiff city had expressly agreed with the defendant that he might leave the side open 2. ——: ——: (though, in fact, nothing was said about it), such ——: mayor. an agreement, in our opinion, would not have affected the defendant's liability. It was provided in an ordi-

nance of the city, as shown in evidence, "that no person shall, within the city limits, dig any trench or vault, or make any other excavation, in, or along any of the streets or alleys, without securing the same so that no persons or animals may fall therein at night." Now, it was not for the mayor to agree with the defendant that he might violate the ordinance. It is true, as the appellee contends, that the mayor is the executive officer of the city, and charged with the duty of seeing that the ordinances are enforced. But power to enforce the ordinances does not include the power to annul them. Nor, because he is made by law the judge as to when an ordinance has been violated, can he announce authoritatively in advance whether a specific act or omission would or would not be a violation. He is not a judge of the violation of an ordinance except by reason of the judicial powers with which the statute has clothed him, and he can exercise those powers only while sitting as a court, and upon an alleged offense.

We do not think, therefore, because the defendant adopted some precautionary measures, under the direction of the mayor, that he was relieved from the duty of adopting such additional measures as the safety of travelers required. We might, indeed, place the defendant's liability upon the ground that, at the time the guards were erected under the instructions of the mayor, a very small excavation had been made in the street. The guards which the mayor required were sufficient, as the excavation in the street then was. He expressed no opinion that the guards would be sufficient, if the excavation in the street should be enlarged. It may be that he knew that the excavation in the street was to be enlarged. We may concede that he did. Yet at the time he gave the directions a guard along the street, and parallel with it, was not only unnecessary, but the evidence shows that, whatever excavation there was in the street was being used as a place of ingress and egress for teams which were hauling dirt. We must presume that the mayor undertook to direct the erection of such guards only as could be erected consistently with the work then in progress, especially as the safety of travelers required nothing more at that time.

As the defendant employed an attorney to defend in the suit of Koester against the city, the amount which may be recovered

**3. ——: ——: measure of damages.** of him in this case is the amount of the judgment against the city in favor of Koester, with interest and the taxable costs of that suit, so far as the same have been paid by the city. For the costs of the appeal in that case, as there is no evidence that the appeal was taken at the defendant's request, we do not think he is liable.

REVERSED.