DAVID F. MURPHY, Appellant, *v.* CITY OF YONKERS,
Respondent.

Contract — indemnity — agreement by contractor to indemnify
city against damages caused by any neglect in guarding excava-
tions — although city may recover in action against contractor
amount of judgment, including costs, rendered in action against
city by person injured through contractor's negligence, the city
may not recover costs of appeal taken without contractor's
consent.

1. A party who is sued on a claim based on the alleged negligence
of his indemnitor and who has notified the latter to defend may,
on the latter's refusal so to do, defend against the claim, and if
unsuccessful recover from his indemnitor, as part of his damages,
the costs which have been awarded against him in the trial court.
But he may not recover over from the indemnitor as part of his
damages the costs of an unsuccessful appeal taken without the
latter's authority.

2. A contractor doing work for a city, which required excavation
in a street, expressly agreed that he would guard such excavation
and indemnify the city against any damages it might suffer by
reason of his failure so to do. The city when sued by a traveler
who claimed to have been injured by reason of the contractor's
failure to guard the excavations, served notice upon the contractor
to appear and defend the action. This he refused to do and a judg-
ment was recovered against the city, which subsequently took
appeals which were unsuccessful. After the original judgment was
recovered the city attorney in a conversation with the contractor
said "the city is going to appeal," to which the contractor replied,
"he hoped the city would win." *Held,* that the conversation
between the city attorney and the contractor did not amount to
an authorization of appeal by the city so as to bind the contractor
for costs thereon.

*Murphy* v. *City of Yonkers,* 131 App. Div. 199, modified.

(Argued October 8, 1914; decided November 17, 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,

entered April 5, 1909, affirming a judgment entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John F. Brennan* for appellant.    The plaintiff was not liable under the contract or bond for the costs and expenses of the appeal in the *Crowther* case.    (*Winters* v. *Judd*, 59 Hun, 32; *Mayor, etc., of New York* v. *Brady*, 151 N. Y. 611; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 559; *Ottumwa* v. *Parks*, 43 Iowa, 119; *Cornell* v. *Travelers' Ins. Co.*, 175 N. Y. 253.)

*Charles E. Otis* for respondent.    Murphy, the person ultimately liable, having had full notice of all the proceedings in the *Crowther* case, and having acquiesced therein, and permitted the city to assume the burden of litigation, is liable for all the proper expenses incurred by the city, including the expense of appeals.    (*Prescott* v. *Le Conte*, 83 App. Div. 482; 178 N. Y. 585; *Curtis* v. *Banker*, 136 Mass., 355; *Waterbury* v. *Waterbury Traction Co.*, 74 Conn. 152.)

HISCOCK, J.    This appeal presents the question whether a person cast in damages because of the negligence of another who has indemnified him against such negligence may recover over from the indemnitor as part of his damages the costs of an unsuccessful appeal taken without the latter's authority.

The respondent made a contract with the appellant to do certain work which necessitated excavations in the street, and the latter expressly agreed that he would properly guard said excavations and indemnify the respondent against any damages which it might suffer by reason of his failure so to do.    The respondent was sued by a traveler who claimed to have been injured by reason of a failure to guard the excavations as appellant

had promised to do.  It served proper notice upon the appellant of the suit and required him to appear and defend the same.  This, however, he refused to do and judgment in a substantial amount was recovered against the respondent.  Subsequently it took appeals which were unsuccessful.  After the original judgment was recovered the city attorney had a conversation with the appellant in which he told him, " The city is going to appeal," and the appellant said " he hoped the city would win." Nothing else was done which is claimed to have amounted to a request or consent that an appeal be taken.

Later the appellant brought an action to recover a balance alleged to be due on his contract, and the respondent in that suit set up by way of counterclaim the judgments recovered against it, including those for costs on the unsuccessful appeals.  After disposing of other questions in a manner which is not criticised, the trial judge in effect instructed the jury, as a matter of law, that if the respondent had any counterclaim or offset by reason of the suit thus brought against it, it was entitled to have included as damages the judgments for costs on the appeals, and under the finding of the jury these were so included.

We think that these instructions were erroneous.

The brief conversation between the city attorney and the appellant did not amount to an authorization of appeal by the city.  The appellant had refused to participate in the defense of the action or to acknowledge any liability for the claim then being made, but of course he was liable to be, as in fact he has been, defeated in this position.  This danger would have been obviated if the respondent had succeeded on its appeal from the judgment which had been entered against it, and, therefore, the expression by the appellant that he hoped the city would succeed on its appeal was a perfectly natural and colorless one which fell far short of a request or authorization to the respondent to take an appeal at his expense.

Therefore, we are presented with the question already outlined, whether or not the city could take an appeal without any such request or authorization and hold the appellant liable for the costs incurred thereon as part of its damages against him.

The appellant does not question the existence of the rule that a party who is sued on a claim based on the alleged negligence of his indemnitor and who has notified the latter to defend may, on the latter's refusal so to do, defend against the claim, and if unsuccessful recover from his indemnitor as part of his damages the costs which have been awarded against him in the trial court. There is of course good reason for this rule under which the indemnified person for the benefit of the indemnitor as well as of himself compels the claimant to make proof of his claim, and it is held that the indemnitor may reasonably be assumed to anticipate that on his failure to do so the indemnified will defend and thus incur a liability for costs. (*Waterbury* v. *Waterbury Traction Co.*, 74 Conn. 152, 165; *Chesapeake & Ohio Canal Co.* v. *County Commissioners*, 57 Md. 201, 225; *Westfield* v. *Mayo*, 122 Mass. 100, 105; *Hammond & Co.* v. *Bussey*, L. R. [20 Q. B.] 79; *City of Astoria* v. *Astoria & C. R. R. Co.*, 136 Pac. Rep. 645, 650.)

But with the recovery of a judgment in the court of original jurisdiction, the reason ceases for any further proceedings by the indemnified at the expense of the indemnitor without his consent. By the recovery of judgment after proper notice to the indemnitor, all of the issues are settled against him in favor of the indemnified which can thus be settled without his presence in the action. Such judgment in a case like this fixes as against the indemnitor the amount of damages suffered by the injured party, the existence of the defect or obstruction in the street and that the injured party was himself free from negligence, and the remaining questions could only be settled in an action wherein the indemnitor was a

party. (*Mayor, etc., of N. Y.* v. *Brady*, 151 N. Y. 611; *Mayor, etc., of Troy* v. *Troy & Lansingburgh R. R. Co.*, 49 N. Y. 657; *Cornell* v. *Travelers' Ins. Co.*, 175 N. Y. 239, 253.)

Nothing further as between indemnitor and indemnified could be accomplished by an appeal. If the indemnified really moved by the interests of the indemnitor should deem it wise to take an appeal from an adverse judgment for the purpose of avoiding any possible claim, the indemnitor should have the power to decide whether such appeal should in fact be taken at his expense. If, on the other hand, as is somewhat inopportunely argued in behalf of the respondent in this case, the indemnified should be fearful that he might not be able to recover over against the alleged indemnitor or that he might not be able to collect a judgment which might be recovered, and, therefore, should decide to take an appeal, such an appeal would clearly be in his own interest and there is no reason why the costs thereof if unsuccessful should be thrown on the indemnitor who has not requested or consented thereto.

Such authorities touching this question as have been found sustain this view.

While it is true that various decisions may be found in which the indemnified has recovered as part of his damages from the indemnitor the costs of an unsuccessful appeal, I find no decision amongst those cited by the respondent in which this has been allowed where the appeal was taken without request or consent and the question was properly presented.

In *Prescott* v. *Le Conte* (83 App. Div. 482; affirmed, 178 N. Y. 585) the question was not raised. In *Waterbury* v. *Waterbury Traction Co.* (*supra*) there was evidence that the appellant had consented to the appeal. In *Curtis* v. *Banker* (136 Mass. 355) the question was not presented as it here arose.

On the contrary, it has been held in England only after

1914.]          Dissenting opinion, per CHASE, J.          [213 N. Y.]

considerable discussion and some vacillation that the indemnified when free from wrongful conduct himself may recover from the indemnitor as part of his damages the costs of defense in the court of original jurisdiction, and it has been held that no recovery over may be had of costs incurred on unsuccessful appeals. (*Hammond & Co.* v. *Bussey, supra; Maxwell* v. *British Thompson-Houston Co., Lim.,* L. R. 1904 [2 K. B.] 342.)

This latter view has likewise been adopted by the Supreme Court of Iowa. (*City of Ottumwa* v. *Parks,* 43 Iowa, 119, 124.)

Therefore, the judgment appealed from should be reversed and a new trial granted, with costs to abide event, unless the respondent stipulates that the amount of its counterclaim be reduced by the sum of $2,935.39, with interest from March 6, 1895, allowed for costs incurred by it on its appeals, and that the judgment appealed from be modified accordingly, in which case the judgment as thus modified should be affirmed, with costs to the appellant in both courts.

CHASE, J. (dissenting). I dissent and hold that the appellant's contract with the defendant included reasonable costs and disbursements in defending itself against the Crowther suit, and that in the absence of some affirmative statement by Murphy after the trial to prevent further expenditures, the costs and disbursements of the appeals, made in good faith, were a part of the reasonable costs and disbursements in defending the suit.

WERNER, COLLIN, HOGAN and CARDOZO, JJ., concur with HISCOCK, J.; MILLER, J., not sitting.

Judgment accordingly.