## Parsons Trading Company v. Dohan et al.

*Laurence H. Eldredge* and *Robert T. McCracken*, for additional defendant.
*Lester B. Johnson*, for defendant.

FINLETTER, P. J., October 5, 1933.—Parsons sued the Dohans, the original defendants, for breach of a contract to make and sell paper of a certain kind. Pending the carrying out of the contract, the Dohans sold their factory to the Taylors, who assumed performance of all unfinished contracts. The Dohans brought in the Taylors as additional defendants under the Sci. Fa. Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663.

The trial resulted in verdicts, one for the plaintiff against the Dohans, and the other for the Dohans against the Taylors.

Both judgments were appealed.

A question arises about the liability for costs both below and upon appeal. The prothonotary assessed costs against the additional defendants, as follows: (1) Original defendants' (Dohans') witness bill for witnesses called in Dohans' defense against plaintiff, $49.80; (2) Cost of printing Dohans' paper book on appeal, $52.00; (3) Dohans' bill for printing that portion of the record needed in connection with Dohans' appeal, $290.50.

The case involved in effect two cases, the one based upon plaintiff's contract with the Dohans, and the other upon the Dohans' right to indemnity arising out of the Taylor contract with the Dohans to perform the original contract for them. The fact that the parties availed themselves of the Sci. Fa. Act and tried both cases together does not affect their substantive rights. The measure of damages, in the action over, is recoupment of the Dohans for losses directly

resulting from the Taylors' breach of contract, which would include costs as well as damages for non-delivery of the goods called for in the contract.

The usual rule is that where one party is, by express contract or legal obligation, to be indemnified by another, he may defend an original suit if the facts are such as to render a defense reasonable. Costs incurred in good faith may be recovered as part of the indemnity: Anderson's Admin'rs v. Washabaugh, 43 Pa. 115; Smith v. Compton et al., Exec'rs, 3 B. & Ad. 407, 110 Eng. Rep. 146; Robinson v. Bakewell, 25 Pa. 424; Cox's Admin'rs v. Henry, 32 Pa. 18; Westfield v. Mayo, 122 Mass. 100 (1877); Waterbury v. Waterbury Traction Co., 74 Conn. 152; Murphy v. Yonkers, 213 N. Y. 124 (1919); Chesapeake, etc., Canal Co. v. County Comm'rs, 57 Md. 201; Duxbury v. Vermont Cent. R. Co., 26 Vt. 751; Ottumwa v. Parks, 43 Iowa 119 (1876).

On behalf of the Taylors it is argued that the defense and appeal made by the Dohans was "for their own benefit," and should therefore be at their own cost. Counsel cites the English case of Blore v. Ashby, 42 L. R. Ch. D. 682. And to this we may add Baxendale v. London Ry., 10 Ex. 35.

It must be conceded, however, that the Dohans' defense was not for their own benefit alone, because if successful it would have relieved the Taylors from all liability.

Nor are the Taylors in a position to say that the Dohans' act of defending was unreasonable and put them to useless expense of costs. The denial of liability by the Taylors was based upon their own assertion that the contract with plaintiff had been fully performed by them, the Taylors, on behalf of the Dohans. If so, they are in no position to complain of the Dohans taking them at their word and presenting that defense. It is probably true that an indemnified party may not put in an unfounded defense or one not justified by the facts. The act of defending must be reasonable. If a useless defense is threatened, the party who is bound to indemnify has a ready means of cutting off unnecessary costs. He can pay the bill directly to the plaintiff. But so long as he insists that no ground for action by the plaintiff against the party indemnified exists, he cannot complain if the latter takes the same position and contests the principal claim.

There may be situations in which an original defendant cannot pass the costs over to one who is ultimately liable. Such a case is that decided by Justice Kekewich in Blore v. Ashby, supra. There a disclosed agent who had entered into a contract as agent for the party ultimately liable was sued by the plaintiff. He denied his agency. Of course, no right of action existed against the agent. It was his misfortune that he was obliged, by plaintiff's act in bringing suit, to go to the expense of defense. Yet as the principal was under no obligation to prevent such an action, he could not be expected to pay its costs. The unfortunate agent was, so far as this defense was concerned, defending in his own interest.

The other English case cited, supra, turned on the reasonableness of making a defense at all. It is true that other reasons were given for the court's action, but the cases that followed it credited the decision wholly to unreasonableness: Hammond & Co. v. Bussey, 20 Q. B. D. 79 (1887); Agius v. Colliery Co. [1899], 1 Q. B. 413; Kasler v. Slavonsky [1928], 1 K. B. 78.

The court thought it unreasonable and refused costs.

The decision in Terry's Exec'r v. Drabenstadt, 68 Pa. 400, was based upon the unreasonable character of the defense.

Another situation in which costs against the indemnitor would not be properly allowed is where the defense is made or the appeal taken because the party indemnified fears he will be unable to recover from the indemnitor, because of

258

the latter's insolvency. Such a defense or appeal would be entirely in his own interest: Murphy v. Yonkers, 213 N. Y. 124; Ottumwa v. Parks, 43 Iowa 119.

In the former case the court said (p. 128) :

"Nothing further as between indemnitor and indemnified could be accomplished by an appeal . . . If . . . the indemnified should be fearful that he might not be able to recover over against the alleged indemnitor or that he might not be able to collect a judgment which might be recovered, and, therefore, should decide to take an appeal, such an appeal would be clearly in his own interest and there is no reason why the costs thereof if unsuccessful should be thrown on the indemnitor who has not requested or consented thereto."

Nothing of this kind existed in the instant case. The original defendant was not asked to desist from defense or appeal. On the contrary the two sets of defendants acted in concert in the whole proceeding.

In the instant case the defense was for the benefit of the additional defendant. It was based on facts which he himself asserted. It was not objected to by him. He joined in the defense at the trial. The appeal was joint as far as it could be. The additional defendant availed himself of at least part of the evidence presented by the original defendant. And finally the defense made by the latter was wholly reasonable and largely successful in keeping the verdict down, and finally inducing the court to reduce the verdict.

We think that the costs were properly assessed against the additional defendant.