Frederick MISURELLA, Plaintiff-Appellee,

v.

ISTHMIAN LINES, INC., Defendant and Third-Party Plaintiff-Appellee,

v.

INTERNATIONAL TERMINAL OPERATING CO., Inc., Third-Party Defendant-Appellant.

No. 215, Docket 28350.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1963.

Decided Feb. 24, 1964.

Harvey M. Jasper, New York City (Ezekiel Jasper, New York City, on the brief), for plaintiff-appellee.

Thomas Coyne, New York City (Kirlin, Campbell & Keating, New York City, on the brief), for defendant and third-party plaintiff-appellee.

Joseph Arthur Cohen, New York City (Sidney A. Schwartz, and Alexander, Ash & Schwartz, New York City, on the brief), for third-party defendant-appellant.

Before CLARK,* SMITH and HAYS, Circuit Judges.

SMITH, Circuit Judge.

Third party defendant-appellant, a stevedore, appeals from a judgment over in favor of a shipowner held liable to a longshoreman employee of appellant, injured while working in the ship's hold. The plaintiff and a fellow worker were operating gasoline powered hi-los in a hatch from which the covers had been only partially removed. There were two ship's ventilating systems, one merely a vent opening some fifty feet up the kingpost, the other a blower system controlled from a deck house. The deck house was locked and the mate when requested to open it could not find the key. The stevedore had brought an auxiliary blower aboard but it was inoperative because electric power to the hold, controlled from the deck house, was not turned on, and because the wiring on the blower was in any case in need of repair. Plaintiff continued to work although his repeated requests for forced ventilation were not complied with. He suffered from monoxide poisoning, causing loss of wages and permanent physical impairment.

The United States District Court for the Southern District of New York, Edward Weinfeld, District Judge, found the shipowner negligent and its ship unseaworthy. It found the plaintiff had suffered damages of $18,355, which it reduced by 50% to $9,177.50 on a finding of contributory negligence on the part of the plaintiff. It further found the shipowner entitled to judgment of indemnity against third party· defendant-appellant in that amount, plus counsel fees and expenses, and costs. Counsel fees in the District Court are agreed to be $2,750.00. The stevedore appealed from the judgment of indemnity over and the shipowner from the primary judgment against it. We find no error and affirm the judgment.

There is no question as to the ship's unseaworthiness or negligence.

Even though sufficient blower capacity existed, the locked house rendering it inoperable and the hold unsafe for employment of the hi-los made the ship unseaworthy and the shipowner negligent. Clearly the findings of negligence and unseaworthiness are supported by the record, and the appeal of the shipowner is not pressed.

The important question posed by this appeal is whether the shipowner's failure to act after notice from the stevedore should prevent indemnity. The Supreme Court has suggested in Weyerhaeuser S.S. Co. v. Nacirema Operating Co., Inc., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958) that there is some area in which the owner's right to recover will be defeated by his own conduct. However, neither the Supreme Court nor this court has attempted to define what constitutes "conduct on [the owner's] part sufficient to preclude recovery." See Pettus v. Grace Line, Inc., 305 F.2d 151, 154 (2 Cir. 1962); Drago v. A/S Inger, 305 F.2d 139, 143 (2 Cir. 1962). See also, American Export Lines, Inc. v. Revel, 266 F.2d 82, 87 n. 6 (4 Cir. 1959). Appellant contends that the area includes not only cases where the owner required and directed continuance of work after knowledge of the defect, but also those where the owner prevented or hindered the fulfilment of the warranty of work-manlike service. It is plain from the Weyerhaeuser case and Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959) that not every fault of the owner will defeat his right of recovery over. As Judge Weinfeld has indicated, the rules of tort liability do not apply. In the Weyerhaeuser case the Supreme Court pointed out "that in the area of contractual indemnity an application of the theories of 'active' or 'passive' as well as 'primary' or 'secondary' negligence is inappropriate." 355 U.S. at 569, 78 S.Ct. at 442, 2 L.Ed.2d 491. Whether or not under contract rules the test will be framed in terms of "prevention. or hindrance" as appellant urges, Crumady seems to us

---

* Judge Clark heard argument in this case, but died before this opinion was prepared.

**42**

fatal to appellant's contentions, for there failure of the owner to provide equipment in good working order (accident caused by owner's setting a circuit breaker at 6 tons when the capacity of the lifting equipment was 3 tons) was held no bar to the owner's recovery over when the stevedore by going on with the work brought the owner's fault into play. This closely parallels our case. In any event, we should find insuperable difficulty to any holding that the owner here prevented or hindered a workmanlike performance by the stevedore, for the stevedore could itself have provided workable ventilating equipment as was often done where a ship failed to do so, or shut down the hi-los until the deck house key was produced.

█ █ We hold that the owner's failure to make available the ship's ventilators after notice of the work with the hi-los in the hold does not bar indemnity over against the stevedore who breached his warranty of workmanlike service by continuing operation of gasoline powered hi-los in a confined space with knowledge that neither the ship's blowers nor his own auxiliary blower were in operation.

█ While the parties agreed on counsel fees on the trial below, they are in conflict as to their allowance for services on this appeal. Under the circumstances here, where the protective appeal from the principal judgment was not pressed, and the only actual contest on appeal was the recovery over against the stevedore, we do not consider that the attorney's fees on the appeal are part of the damages to the ship from the stevedore's breach, comparable to the cost of its defense against the longshoreman's claim, but rather part of the cost to the ship of its present litigation with the stevedore, traditionally borne by the party incurring it. Paliaga v. Luckenbach Steamship Co., 301 F.2d 403, 409 n. 1 (2 Cir. 1962); Holley v. The Manfred Stansfield, 186 F.Supp. 805 (E.D.Va. 1960).

The judgment is affirmed. Costs on appeal to appellee, not to include attorney's fees on the appeal.