John H. WILLIAMS, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, Defendant and Third-Party
Plaintiff,

v.

WILLIAM SPENCER & SON CORPORA-
TION, Third-Party Defendant.

Civ. No. 19698.

United States District Court
E. D. New York.

April 27, 1967.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant and third-party plaintiff; James S. Rowen, New York City, of counsel.

Fogarty & Nielsen, New York City, for third-party defendant; John W. Fuhrman, New York City, of counsel.

BARTELS, District Judge.

This is a motion by the defendant The Pennsylvania Railroad Company (Railroad) pursuant to Rule 53(e) (2), Fed. Rules Civ.Proc., 28 U.S.C.A., to set aside certain findings of fact and conclusions of law set forth in the report of the Special Master to which the Railroad has objected.

In this case the plaintiff John H. Williams (Williams), a longshoreman employed by William Spencer & Son Corporation (Spencer), a stevedoring company, instituted an action against the Railroad to recover for personal injuries sustained as a result of certain acts of the Railroad's "hoister", in which the Railroad filed a third-party complaint against Spencer alleging a claim for indemnity which was interpreted as an action for breach of implied warranty. Judgment was granted in a non-jury trial in favor of Williams for $2,500, and in favor of Spencer dismissing the third-party claim of the Railroad. The Court of Appeals affirmed the judgment for Williams but reversed the judgment for Spencer and upheld the third-party claim by the Railroad against it (313 F.2d 203). In so doing the Court remanded the case to the District Court to permit Spencer to present evidence to negate liability as an indemnitor under the theory of implied warranty and directed that if such evidence was not forthcoming, judgment be entered in favor of the Railroad " * * * against Spencer for the amount in which it has been held liable to Williams plus attorneys' fees and disbursements in defending against Williams' claim" (pp. 214–215). No such evidence was forthcoming and judgment was entered for the Railroad for $11,227.57, which claim was for indemnification due it from Spencer.

The issue as to the proper amount of fees and expenses due to the Railroad was referred to a Special Master who reported, among other things, that the Railroad was entitled to recover from Spencer the sum of $6,077.44 as attorneys' fees and disbursements expended up to the time of the entry of the judgment in favor of Williams and against the Railroad in the District Court. Although the Special Master found that $1,000 in attorneys' fees and $983.76 in disbursements were expended in the appeal by the Railroad in its defense against Williams' claim, he disallowed indemnification for these expenditures on the basis that the Railroad was not entitled to the same because they were incurred after the amount for which the Railroad was liable to Williams was fixed. He assigned two reasons for this conclusion, (1) the Railroad was limited by the direction of the Court of Appeals to reimbursement of only attorneys' fees and disbursements in defending against Williams' claim in the District Court, and (2) the Railroad's appeal "necessarily and primarily involved its third-party action against the indemnitor" and was for its own protection in the event its claim against Spencer could not be sustained. The Court disagrees with both of these conclusions.

The Court of Appeals in fixing the amount of the judgment to which the Railroad was entitled, stated that this amount included "attorneys' fees and disbursements in defending against Williams' claim". It did not purport to pass upon what these attorneys' fees and disbursements should include, and the phrase "in defending against Williams' claim" could include attorneys' fees on the appeal if such fees were otherwise allowable by the authorities. There is nothing in the opinion indicating that the Court intended to depart from the application of the general principles relative to the allowance of attorneys' fees and disbursements to third-party plaintiffs on appeal. The crucial question is whether under the pertinent authorities the vessel owner, under the circumstances of this case, is entitled to such attorneys' fees and disbursements.

It is fairly well settled that when the only issue on appeal is whether the shipowner should recover over against the stevedore, then the shipowner's attorneys' fees and disbursements on appeal are not recoverable because they do not arise out of the stevedore's breach of in-

demnity. On the contrary, they are a part of the shipowner's litigation costs which litigants must customarily bear in every suit. Misurella v. Isthmian Lines, Inc., 2 Cir. 1964, 328 F.2d 40; Reid v. Quebec Paper Sales & Transportation Company, 2 Cir. 1964, 340 F.2d 34. In *Misurella* the appeal from the principal judgment was not pressed and the only contest was recovery over against the stevedore, and in *Reid* the stevedoring company did not contest its obligation to the shipowner.

On the other hand, if the shipowner's appeal involves an actual contest between the shipowner and the longshoreman concerning the shipowner's liability to the longshoreman as distinguished from his right to indemnification from the stevedore, then such attorneys' fees and disbursements on appeal are a part of the damages directly resulting from the stevedore's breach of indemnity and are recoverable. De Gioia v. United States Lines Company, 2 Cir. 1962, 304 F.2d 421; Nicroli v. Den Norske Afrika-OG Australielinie, etc., 2 Cir. 1964, 332 F.2d 651; Massa v. C. A. Venezuelan Navigacion, 2 Cir. 1964, 332 F.2d 779.[1] In *Nicroli* a good portion of the shipowner's argument and brief was devoted to resisting the longshoreman's efforts to increase his recovery and accordingly reimbursement of fees and disbursements to that extent was allowed the shipowner. In *Massa* the plaintiff appealed from the dismissal of his complaint and the shipowner also appealed from the dismissal of his third-party complaint. Reasonable attorneys' fees allocable to that portion of the appeal relating to plaintiff's claim were allowed, the court observing that any other rule "would place a premium on losing lawsuits" (332 F.2d p. 782).

In this case a review of the facts discloses that the shipowner's liability to Williams was subject to substantial doubt on appeal; not because of the usual denials of unseaworthiness and negligence, but because of the unique factual and legal situation involving unseaworthiness of two barges, one of which was not owned by the Railroad, and the negligence of an agent who was in the employ of both the Railroad and Spencer. Williams, while employed by Spencer, was injured when he was knocked from the top of a crate to the deck of a Lehigh Valley Railroad (Lehigh) barge which was being unloaded by Spencer pursuant to a stevedoring contract with Lehigh—not with the Railroad. Tied alongside the barge and helping to unload it was the Railroad's hoister #218, a scow carrying a crane with a 10-ton lifting capacity. Wall, ordinarily an employee of the Railroad, was captain of the Railroad's hoister and operated the crane. Spencer's foreman, Alexander, was in charge of the unloading and Wall operated the crane on signals from Alexander. Wall, however, was paid by both Spencer and the Railroad. A charge of unseaworthiness and negligence was pressed upon the Railroad and serious questions arose as to whether (i) Williams as a workman on Lehigh's barge could recover for unseaworthiness of the Railroad's hoister, and (ii) Wall's negligence was chargeable to Spencer since he was working for and had become an agent of Spencer although also in the employ of the Railroad.

In affirming the judgment in favor of Williams, the Court of Appeals pointed out that Williams' status in doing crew work for Lehigh's barge "would not in itself allow him to recover for the unseaworthiness of another ship, the Pennsylvania hoister" and that any such recovery "would have to rest rather on the basis that he might properly have been found to have been doing crew work for the hoster as well as for the barge" (313 F.2d p. 207). The Court did not place its decision upon unseaworthiness but

---

1. To the extent that Murphy v. City of Yonkers, 1914, 213 N.Y. 124, 107 N.E. 267, L.R.A.1915 F. 598, and similar New York cases cited by Spencer are contrary, they are not applicable because the construction of the indemnity agreement in this case is governed by Federal Maritime Law. United States Lines Co. v. E. J. Lavino & Co., E.D.Pa.1961, 198 F. Supp. 483, aff'd, 1962, 303 F.2d 295, cert. denied, 1962, 371 U.S. 876, 83 S.Ct. 148, 9 L.Ed.2d 114.

sustained the alternative holding that Williams was entitled to recover because of the Railroad's negligence. In reaching this conclusion, the Court found that hoister #218 was at the time of the accident serving the Railroad's purpose, and that Wall had not ceased to be the Railroad's servant while remaining in control of the Railroad's hoister and doing the Railroad's work. In sustaining the third-party claim the Court concluded that the Railroad was a third-party beneficiary of an implied warranty of workmanlike service arising out of the stevedoring contract with Lehigh—an entirely different theory than that relied upon by the Railroad at the trial.

■ From the above it appears that the Railroad's appeal was directed primarily against the adverse judgment rendered against it in the District Court in favor of Williams. There were unique questions of fact and law in this case. It cannot be said that the liability to the plaintiff had been fixed when the District Court rendered its judgment or that any further appeal with respect to this issue should be taken by the indemnitor because in fact the indemnitor had been released from liability. Williams' right to recover upon appeal was surrounded by many doubts predicated upon the anomalous position of Wall as agent of Spencer and the Railroad, the fact that Wall's negligence as well as Alexander's negligence might have been charged to Spencer, and the fact that the injury occurred on Lehigh's barge. On the appeal the Railroad devoted ten pages of its brief to contesting Williams' claim against it. The Court of Appeals in affirming this segment of the District Court's judgment did not adopt the same theory of recovery but contrary to the District Court's finding, held that Williams had no right to recovery against the Railroad on the ground of unseaworthiness. It is true that the Railroad at the same time appealed from the dismissal of its claim over against Spencer but such joinder does not change the character of the primary purpose of its appeal to defeat Williams' claim. The ex-penditures of the Railroad on appeal allocable to its resistance against Williams' claim can be directly traceable to the stevedore's breach of indemnity and hence are recoverable by the Railroad from the stevedore.

The Court therefore sustains the Railroad's objection to the Special Master's disallowance of fees and disbursements on the Railroad's appeal and grants the same with the modification that the disbursements, as conceded by the Railroad, should be $513.70 instead of $983.76. There seems to be no dispute that the Railroad is entitled to interest on the amount of the judgment of $2,666.60 in favor of the plaintiff and against the Railroad from the date of payment (March 8, 1963) to date, at the rate of 6% per annum (see, Michelsen v. Penney, 2 Cir. 1943, 135 F.2d 409, 435).

To the extent that the findings of fact and conclusions of law of the Special Master are contrary to the foregoing, they are set aside. In all other respects the Special Master's report is hereby confirmed.

Settle order within ten (10) days on two (2) days' notice.