Jerry **LUNSFORD**

v.

**BETHLEHEM STEEL CORPORATION,**
a Delaware corporation, Owners
of SS BETHTEX

v.

**JARKA CORPORATION OF
BALTIMORE.**

Civ. No. 17437.

United States District Court
D. Maryland.

June 20, 1967.

---

Bernard M. Goldstein, Baltimore, Md., for plaintiff.

David R. Owen, William R. Dorsey, III, and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

George L. Huber, Jr., and Eugene A. Edgett, Jr., Baltimore, Md., for third-party defendant.

FRANK A. KAUFMAN, District Judge.

Plaintiff (Lunsford), a longshoreman, employed by the third-party defendant (Jarka, a stevedoring company), was injured ascending the gangway of the ship of the defendant and third-party plaintiff (Bethlehem), at approximately 2 A. M., May 4, 1965, when Lunsford's head struck the cross-bar or spreader. Sitting without a jury, this Court held Lunsford entitled to a judgment in the amount of seven thousand dollars ($7000) against Bethlehem on the ground that the quartermaster, or gangway watchman, an employee of Bethlehem, negligently failed to perform his duty of watching the gangway, including the cross-bar, and of making sure that the latter was at a proper height. The Court also held that Lunsford was not contributorily negligent in watching his feet, in order to avoid a false step, while ascending the gangway and in failing to note the height of the cross-bar.

Counsel for Bethlehem and Jarka have submitted post-trial legal memoranda on the questions of unseaworthiness and Bethlehem's right to indemnity from Jarka. On the basis of the evidence at the trial and after consideration of counsels' memoranda, this Court is of the opinion that the position of the cross-bar constituted unseaworthiness, even though the condition was a temporary one. See Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). In addition, this Court holds that Bethlehem is entitled to indemnity from Jarka for breach by the latter of its warranty of workmanlike service.

Jarka, under its contract and also pursuant to the Safety and Health Regulations for Longshoring issued under the Longshoremen's and Harbor Workers' Compensation Act and in force at the time of plaintiff's injury, 29 C.F.R. § 1504.1 et seq. (rev'd as of Jan. 1, 1966), had a duty with regard to the condition of the gangway. Section 1504.21(e) of those Regulations requires that the employer keep the "supporting bridles [of the gangway] * * * clear so as to permit unobstructed passage for employees using the gangway." Jarka had or should have had knowledge of the low height of the bridle. The evidence establishes that the condition itself was open and obvious for a sufficient length of time to enable Jarka either to have made sure that the cross-bar was

raised to a proper height or to have stopped its employees from using the gangway until the cross-bar was placed at a proper height. The stevedore's duties were not superseded by the ship-owner's posting of a watchman, an employee of the ship, at the top of the gangway. In view of the stevedore's warranty of workmanlike service and also of the provisions of section 1504.21 of the Regulations, this Court holds that the "ultimate responsibility" under the circumstances of this case "rest[s] with the [stevedore] who has a duty to properly supervise" its employees. See Scott v. Isbrandtsen Co., 327 F.2d 113, 128 (4th Cir. 1964). Neither the negligence of the shipowner nor the unseaworthiness of the vessel is "sufficiently material to excuse the [stevedore] from the contractual duty to give proper service on which the indemnity claim is here based." Drago v. A/S Inger, 305 F.2d 139, 143 (2d Cir. 1962).

The full and complete memoranda filed by both ship's counsel and stevedore's counsel cite most, if not all, of the relevant Supreme Court and Fourth Circuit cases on the subject. The cases will not be reviewed herein except to note this Court's reliance upon Italia Societa, etc. v. Oregon Stevedoring Co., 376 U.S. 315, 319–320, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964); Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); Nicroli v. Den Norske, 332 F.2d 651 (2d Cir. 1964); Misurella v. Isthmian Lines, Inc., 328 F.2d 40 (2d Cir. 1964), in which the Court stated (at p. 41) that while "there is some area in which the [ship's] right to recover will be defeated by [its] own conduct," the Supreme Court has not "attempted to define what constitutes 'conduct on [the ship's] part sufficient to preclude recovery'"; Drago v. A/S Inger, supra; Smith v. Jugosalvenska Linijska, 278 F.2d 176 (4th Cir. 1960), in which the ship furnished the stevedore with an improperly secured ladder but, nevertheless, the Court reversed the District Court's dismissal of the action over by the ship against the stevedore with direction to enter judgment for the ship; Calmar S.S. Corp. v. Nacirema Operating Co., 266 F.2d 79 (4th Cir. 1959), in which the Court reversed the District Court's conclusion that the ship was barred from recovery against the stevedore because the ship, by providing lights for night work which were not reasonably safe, had itself breached its contract with the stevedore; American Export Lines v. Revel, 266 F.2d 82 (4th Cir. 1959), which was decided the same day as Calmar and in which the Court (at p. 87) stated that it would "not attempt to explore what conduct, in other circumstances, would be 'sufficient to preclude recovery.'" When the facts of this case are analyzed against the background of controlling case law, it seems clear that the conduct of Bethlehem (the ship) does not foreclose its right to recovery against Jarka (the stevedore) and that, to the contrary, Bethlehem is entitled to indemnity herein.

Plaintiff, and defendant and third-party plaintiff, will prepare an appropriate order for judgment for plaintiff against defendant in the amount of seven thousand dollars ($7000) and plaintiff's costs of action, and an order for judgment over for the defendant and third-party plaintiff against the third-party defendant in the amount of seven thousand dollars ($7000) and the costs of the entire proceedings in this case.