Vincent **DESIANO**, Plaintiff,

v.

**NORDDEUTSCHER LLOYD**, Defendant and Third-Party Plaintiff,

v.

**COURT CARPENTRY & MARINE CONTRACTING CO.**, Inc. and **Iron Works, Inc.**, Third-Party Defendants.

**No. 66 Civ. 2080.**

United States District Court
S. D. New York.
May 22, 1969.
Supplemental Opinion June 9, 1969.

Gallegos v. Colorado, 370 U.S. 49, 54–55, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962).

Solomon J. Cohen, New York City, for Vincent Desiano, Benjamin J. Sergi, Brooklyn, N. Y., of counsel.

Cichanowicz & Callan, New York City, for Norddeutscher Lloyd, Victor Cichanowicz, New York City, of counsel.

Alexander, Ash & Schwartz, New York City, of Court Carpentry & Marine Contracting Co., Edward D. Lory, Brooklyn, N. Y., of counsel.

Daniel Coughlin, New York City, for Iron Works, Inc., John F. X. McKiernan, New York City, of counsel.

## OPINION

TENNEY, District Judge.

This is an action brought by a marine carpenter to recover damages for personal injuries sustained by him on board the S.S. TORSTEIN, a vessel owned and operated by the defendant Norddeutscher Lloyd (hereinafter referred to as the "Shipowner"). Plaintiff's action is predicated, in the alternative, upon the claim that the ship was unseaworthy and the Shipowner negligent in failing to afford him a safe or, more specifically, sufficiently illuminated area in which to work. Defendant Shipowner, in turn, seeks indemnity from either plaintiff's employer, Court Carpentry & Marine Contracting Co., Inc. (hereinafter referred to as the "Stevedore") or Iron Works, Inc., which had contracted with the Shipowner to perform certain services in connection with the securing of stowed cargo aboard the S.S. TORSTEIN, upon the theory that either or both of these third party defendants failed to perform their services in a workmanlike manner.

A trial before this Court, sitting without a jury, revealed that pursuant to a contract entered into between the Shipowner and the Stevedore, plaintiff was aboard the S.S. TORSTEIN on June 17, 1966 for the purpose of chocking, or securing with lumber, certain Conex boxes which · had been stored in the vessel's Number 3 Lower 'tween Deck. Third party defendant Iron Works, Inc. had previously secured these boxes to the decks by means of wire lashings which ran from the top of the Conex boxes to the deck, forming a three- or four-foot passageway between the boxes and some general cargo.

At about 1:00 P.M., plaintiff was ordered down the vessel's Number 3 hatch by his foreman, Matty Genovese. In order to afford more light to the area in which the men were to be working, plaintiff and his co-workers removed several hatch covers on the main deck. The area remained dimly lit, however, and, at approximately 2:15 P.M., one of plaintiff's co-workers requested more light from Genovese, who, by that time, had come down to the vessel's Number 3 'tween Deck with the Shipowner's cargo mate. Although they agreed to provide the men with artificial light, plaintiff was not ordered to discontinue work until such time as sufficient lighting could be made available. Shortly thereafter, while walking from the forward deck of the Number 3 Lower 'tween Deck, where at least a minimum of illumination had been provided by the open hatch covers, to the after deck, plaintiff tripped on the wire lashings and fell to the deck, injuring his right knee. At the time, plaintiff had been carrying a three- to four-foot piece of lumber and was proceeding away from whatever illumination the open hatch covers provided along the narrow passageway between the Conex boxes and the general cargo.

Upon all the evidence presented, this Court finds the Shipowner liable to plaintiff under both the theory of negligence and breach of warranty of seaworthiness. As to the latter claim, I find that the area in which the plaintiff was required to secure the Conex boxes was improperly lit, and therefore not reasonably fit for its intended use.

Inasmuch as Shipowner's officer had actual knowledge of this fact, I also find the Shipowner negligent in failing to order a discontinuance of the work

until such time as sufficient light was provided. Simpson v. Royal Rotterdam Lloyd, 225 F.Supp. 947, 950 (S.D.N.Y. 1964); Misurella v. Isthmian Lines, Inc., 215 F.Supp. 857, 860 (S.D.N.Y. 1963), aff'd, 328 F.2d 40 (2d Cir. 1964).

█ As a result of the Shipowner's negligence and the unseaworthiness of the S.S. TORSTEIN, plaintiff sustained a contusion of the right knee and patellar tendon (infra-patellar bursitis). There is restriction of motion in the right knee, atrophy and a chronic sprain of the right knee joint; X-rays have demonstrated that the superior pole of the patella at the attachment of the quadriceps tendon has developed a spur. These injuries, which appear to be of a permanent nature, prevented plaintiff from returning to work until September 13, 1966, and caused intermittent loss of time thereafter. Accordingly, the Court finds damages due to loss of wages amounting to $3,810.00, plus $136.00 for medical expenses, and the further sum of $6,054.00 for the nature and extent of the injuries sustained, which would include pain and suffering—a total award of damages of $10,000.00.

█ The question remains whether the defendant has sustained its burden of proving contributory negligence on the part of the plaintiff so as to subject his award of damages to diminution. Plaintiff was aware that employees of Iron Works, Inc. had been lashing cargo in the Number 3 Lower 'tween Deck on the morning of the accident and that additional light had been requested of Genovese and the cargo mate. He nevertheless attempted to proceed along the narrow passageway between the wire lashings and the general cargo into an even less adequately lit area while carrying a piece of cut lumber. Under these circumstances, it was reasonable to require plaintiff to forgo his deliveries of lumber until such time as sufficient light was provided. Accordingly, the Court finds that the amount of damages should be reduced to the extent of twenty-five (25) per cent by reason of plaintiff's contributory negligence. Misurella v.

Isthmian Lines, Inc., *supra*, 215 F.Supp. at 861.

█ As regards the claim of indemnity by the Shipowner against the Stevedore and Iron Works, Inc., it must be noted that whether a hazard is created by the negligence of the shipowner or otherwise, the stevedore firm is liable for indemnity if a workmanlike performance would have eliminated the risk of injury. Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); DeGioia v. United States Lines, 304 F.2d 421, 424 (2d Cir. 1962). A breach of a stevedoring company's warranty of workmanlike performance provides the basis for the shipowner's right to indemnification. This warranty requires a stevedoring company to remove defects and dangerous conditions aboard vessels on which it is employed and generally to insure that the longshoremen work under reasonably safe conditions. Even if the danger was created by the shipowner, indemnity over is permitted if the condition was obvious and the stevedore gang continued to work or did not correct it. Bertino v. Polish Ocean Line, 402 F.2d 863, 866 (2d Cir. 1968). Knowledge of the existence of a dangerous condition by a member of a stevedoring gang is imputed to its firm, and the firm's subsequent failure to act is a breach of the warranty.

█ As to Iron Works, Inc., I find no such breach of warranty. There has been no testimony as to any impropriety in the manner in which the Conex boxes were lashed or as to any negligent act of commission or omission. Iron Works, Inc. had properly completed its duties prior to the commencement of the chocking of the Conex boxes by plaintiff. Accordingly, there can be no right of indemnity as against this third party defendant.

█ I do, however, find a breach of warranty of workmanlike performance which would entitle the Shipowner to indemnity from the Stevedore. Genovese's failure to order his men to discontinue work until such time as sufficient light

could be provided to remedy this dangerous condition constitutes a breach of warranty which provides the basis for the Shipowner's right to indemnification. In this regard, I find no such conduct on the part of the Shipowner sufficient to preclude recovery. Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L.Ed. 2d 491 (1958).

On the basis of all the evidence before me, I hold that the Shipowner violated its obligations to supply plaintiff with a seaworthy ship and a safe place to work and is therefore liable to plaintiff in the amount of $7,500.00. Additionally, I find that the Stevedore violated its warranty to perform its services in a workmanlike manner, and that Shipowner's own conduct was not sufficient to preclude recovery. As regards Shipowner's claim for indemnity against Stevedore, the issue of attorneys' fees and costs has been reserved for further hearings if the parties fail to agree on the amounts involved.

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Submit order in accordance with this opinion.

### Supplemental Opinion

By letter dated May 27, 1969, third-party defendant Court Carpentry & Marine Contracting Co., Inc. moves this Court for a determination on the merits of its counterclaim against both the plaintiff and Shipowner, which issue was not considered in the May 22, 1969 opinion of this Court. As regards its latter claim, Stevedore directs the Court's attention to the recent decision of the Supreme Court in Federal Marine Terminals, Inc. v. Burnside Shipping Co., Ltd., 394 U.S. 404, 89 S.Ct. 1144, 22 L. Ed.2d 371 (1969).

Inasmuch as plaintiff's award of damages has already been reduced due to his contributory negligence, it is well settled in this Circuit that "[t]o use his contributory negligence again to abrogate his recovery would undermine the salutary admiralty rule of comparative negligence." Nicroli v. Den Norske Afrika-OG Australielinie, 332 F.2d 651, 656 (2d Cir. 1964); McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334 (2d Cir., filed Jan. 30, 1969). Accordingly, Stevedore cannot seek indemnity from plaintiff for the liability it has incurred by reason of his negligence.

In Federal Marine Terminals, Inc. v. Burnside Shipping Co., Ltd., *supra*, a stevedoring company, alleging negligence on the part of the shipowner in the operation of its ship, sought to recover certain compensation payments which it had become obligated to make to the widow and children of a stevedore-employee pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. Under the provisions of this Act, an employer is liable to the surviving wife and dependents of its employee regardless of fault. 33 U. S.C. § 904.

While noting that it must be assumed that the stevedore-employer was faultless vis-a-vis the shipowner in that the claim that the stevedore had breached its warranty of workmanlike service had not yet been adjudicated and was not presently before the Court, the Supreme Court found that a shipowner owes to any stevedoring company lawfully on board its vessel the duty of exercising reasonable care under the circumstances. The breach of this duty of due care, the Court found, gives rise to a cause of action for any damage proximately caused. It therefore followed that the shipowner's liability extended to the foreseeable obligations of the stevedoring contractor for compensation payments to the family of a longshoreman whose death was occasioned by the shipowner's breach of its duty to the stevedoring contractor.

This holding, as previously noted, was predicated upon the assumption that the stevedore had been exposed to liability under the provisions of the Longshoremen's and Harbor Workers' Compensation Act solely because of the negligence of the shipowner; for, as the Court in-

dicated, its holding was in no wise a departure from the rule that the Court would not fashion new judicial rules of contribution between the shipowner and the stevedoring contractor as joint tort-feasors.

In the instant case, however, Stevedore's obligation to indemnify Shipowner stems not from any liability imposed upon it through no fault of its own, but rather from its own breach of warranty of workmanlike service. I therefore find Federal Marine Terminals, Inc. v. Burnside Shipping Co., Ltd., *supra*, not germane to the issues presented by the within counterclaim against the Shipowner.

Accordingly, and for the reasons set forth above and in the prior opinion of this Court, Stevedore's counterclaims against plaintiff and Shipowner are dismissed on their merits.