Robert J. THOMAS, Administrator of the
Estate of William Joseph Martin, Jr.,
deceased, Appellee.

v.

PEERLESS MATTRESS COMPANY,
Appellant.

No. 8167.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 13, 1960.

Decided Nov. 22, 1960.

Julian B. Salley, Jr., Aiken, S. C.
(Henderson, Salley & Cushman, Aiken,
S. C., on brief), for appellant.

John W. Thomas, Columbia, S. C.
(Percy Brown, Jr., Ogden, Brown, Rob-
ertson & Marshall, Louisville, Ky., and
Roberts, Jennings, Thomas & Lumpkin,
Columbia, S. C., on brief), for appellee.

Before     HAYNSWORTH     and
BOREMAN,    Circuit    Judges,    and
STANLEY, District Judge.

HAYNSWORTH, Circuit Judge.

After a verdict for the defendant in
the first trial of this tort action, the Dis-
trict Judge ordered a new trial because
of an improper communication by a dep-
uty marshal to the foreman of the jury.
At the second trial there was a verdict
for the plaintiff upon which judgment

was entered. On this appeal from the final adverse judgment, the defendant complains only of the order granting a new trial after the first trial resulted in a verdict in its favor.

After the case was submitted to the jury on the first trial and after the jury had been engaged in its deliberations for approximately eight hours, the foreman emerged from the jury room and inquired of a deputy marshal, "whether the plaintiff would have a right to appeal if the jury returned a verdict in favor of the defendant." The deputy marshal replied that he was not a lawyer or a judge and could only express his opinion, but, if the facts warranted it, any party could appeal from a verdict returned by a jury. A few minutes later, the jury reported it was in agreement and returned a verdict for the defendant.

We think the grant of a new trial was well within the discretion of the District Court.

■ The parties differ, preliminarily, as to whether our decision is controlled by federal or state law. Our jurisdiction is founded solely on the diversity of citizenship of the parties. South Carolina's laws control the substantive rights of the parties. Though we perceive no significant difference between federal and state law in this area, it seems plain that this is a procedural question governed by the federal rules and federal law.[1]

The defendant contends that the statement of the deputy marshal was correct and harmless. The statement, however, is readily susceptible to a construction which makes it both incorrect and prejudicial.

If the juror's inquiry had been addressed to the District Judge and he had undertaken to answer it in open court, he would have explained the scope of appellate review. If the statement of the right of appeal had been qualified by an explanation of its inherent limitations, no one would have been misled. As it was, the unqualified statement, "if the facts warranted it, any party could appeal from a verdict returned by a jury" could have been understood to mean that an appellate court could review the jury's resolution of the factual issues.

It is not unlikely that this is the interpretation which the jury, or some of the jurors, placed upon the statement. The jury had been engaged in its deliberations for approximately eight hours. The right of review of legal questions was irrelevant to those deliberations. The inquiry suggests that some juror misconceived the appellate process. The suggestion is greatly strengthened by the fact that, promptly after the foreman's return to the jury room, the jury agreed upon a verdict for the defendant. In these circumstances, we find abundant reason to suppose that one or more of the jurors were led by the statement of the deputy marshal into a misunderstanding of their responsibilities and of the finality of their findings of fact.

■ During their consultation, jurors should be protected from misleading instructions and extraneous influence. To provide such protection, their requests for additional instructions should be addressed to the court and should be answered, if at all, by the trial judge in open court in the presence of the parties and their counsel.[2] When a deputy marshal in charge of the jury undertakes to answer such an inquiry, he injects the contaminating influence his presence is intended to prevent.

■ Unless such an improper communication by a deputy marshal is harmless, its effect should be dissipated. When it becomes known only after the jury has been discharged, the only available remedy is a new trial.

1. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350; Williams v. Nichols, 4 Cir., 266 F.2d 389; Bernstein v. Olian, D.C.S.D.N.Y., 77 F.Supp. 672.

2. Fillippon v. Albion Vein Slate Company, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853; Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787.

Doubtless, the trial judge has considerable discretion in determining the probable effect of a particular communication. When the communication could easily lead to misunderstanding by jurors, and probably did, it cannot be said the District Court abused his discretion when he granted the motion for a new trial.[3]

Affirmed.

3. Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; See Holmes v.· United States, 4 Cir., 284 F.2d 716.