Lela Sue STILL, Plaintiff-Appellant,

v.

Hazel E. TOWNSEND, Defendant-Appellee.

No. 14902.

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1962.

Harold R. Ratcliff, Howard R. Paul, Memphis, Tenn., on the brief, for appellant.

Thomas F. Johnston, Memphis, Tenn., Thomas R. Prewitt, Memphis, Tenn., on the brief, for appellee.

Before MILLER, WEICK and SMITH,* Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, who was a passenger in an automobile owned and being driven by the appellee, brought this action, based on alleged negligence on the part of the appellee, to recover damages in the amount of $20,000.00 for personal injuries received when appellee, in backing

* U. S. Circuit Judge, Second Circuit, sitting by designation.

the automobile, allowed it to collide violently with a utility pole. Jurisdiction was based on diversity of citizenship and the amount in controversy.

Appellee denied negligence on her part and affirmatively alleged that the automobile had defective or inadequate brakes, of which appellant had knowledge before the accident occurred, but that appellant acquiesced in appellee's continued operation of the automobile and made no effort to alight from it, although she had adequate opportunity to do so; that the accident was caused by said defective brakes; and that appellant assumed the risk of injuries suffered in the accident and was further guilty of proximate contributory negligence in continuing to ride in the automobile under the circumstances.

Appellant's evidence showed expenses incurred by her as a result of her injuries in the amount of $1,369.69, consisting of doctors' and hospital bills, drugs, orthopedic appliance, and fifty-three trips from her home in Sardis, Mississippi, to Memphis, Tennessee, which was the closest place where specialized medical attention required by appellant was available, at a cost of $10.00 per trip. This total did not include any item for pain and suffering or impairment of earning capacity for at least forty-six weeks, with respect to which her evidence showed that she was capable of earning $75.00 a week. There was medical testimony that appellant had not recovered from her injuries at the time of the trial. No medical testimony was offered for the defense.

The jury returned a verdict for the appellant in the amount of $1,375.80. Appellant moved for a new trial on the ground that the verdict was grossly inadequate and so grossly inadequate as to evidence passion, prejudice, or unaccountable caprice upon the part of the jury. Shortly thereafter appellant filed an amendment to her motion for a new trial based on the grounds of newly discovered evidence under the provisions of Rule 60(b)(2), Rules of Civil Procedure. The newly discovered evidence was stated as being the diagnosis of her injuries by a qualified neurological surgeon in Jackson, Mississippi, who examined her for the first time after the trial and was of the opinion, not previously expressed by her attending physicians before the trial, that her injury was most serious and productive of permanent disability. It is claimed by appellant that the true gravity of her injuries and disability became apparent and discoverable only after the case was tried.

The motion for a new trial was overruled by the District Judge and this appeal followed. This procedural question under Rule 60(b)(2) is controlled by federal law rather than by state law. Thomas v. Peerless Mattress Company, 284 F.2d 721, 722, C.A.4th; Vassos v. Societa Trans-Oceanica Canopus, etc., 272 F.2d 182, 183, C.A. 2nd; Hicklin v. Edwards, 226 F.2d 410, 412–413, C.A. 8th. See: Stern v. Inter-Mountain Telephone Co., 226 F.2d 409, C.A. 6th.

In Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439, the Supreme Court said:

"The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a circuit court of appeals."

This rule was restated and followed in United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L. Ed. 1129. See also: Spero-Nelson v. Brown, 175 F.2d 86, 89, C.A. 6th; Montgomery Ward & Co. v. Morris, 273 F.2d 452, 453, C.A. 6th; Cross v. Thompson, 298 F.2d 186, 187, C.A. 6th; Schaeper v. Edwards, 306 F.2d 175, C.A. 6th.

As pointed out in the Schaeper case, we have recognized an exception to this

rule. Pugh v. Bluff City Excursion Co., 177 F. 399, C.A. 6th; Reisberg v. Walters, 111 F.2d 595, C.A. 6th; Devine v. Patteson, 242 F.2d 828, 832, C.A. 6th. But the exception is limited to a situation where the uncontradicted and undisputed facts leave no factual issue for the consideration of the jury and it is clearly shown that the verdict is an abuse of power on the part of the jury.

This is not such a case. Under Tennessee law, which is here applicable, a distinction is made between direct, proximate contributory negligence, which operates as a complete bar to the alleged cause of action, and remote contributory negligence, which does not operate as a bar but requires the jury to diminish the damages by the degree of remote contributory negligence of which the plaintiff is found guilty. Bejach v. Colby, 141 Tenn. 686, 691–692, 214 S.W. 869, 870; De Rossett v. Malone, 34 Tenn.App. 451, 239 S.W.2d 366, 376–377. The District Judge charged the jury on both direct, proximate contributory negligence and remote contributory negligence. No objection was made to the charge, which appears to be in accord with the rulings in the Tennessee cases above referred to. Obviously, the jury did not find the appellant guilty of direct, proximate contributory negligence, which would have required a verdict for the appellee. But, in reaching its verdict, the jury was authorized to and could have found the appellant guilty of remote contributory negligence, and, in so finding, would have reduced the amount of the verdict to which appellant otherwise would have been entitled. Smith v. Steele, 44 Tenn. App. 238, 313 S.W.2d 495, 508–509, 516. Accordingly, the amount of damages to which the appellant was entitled upon the jury's finding of liability on the part of the appellee was not a liquidated, uncontested amount so as to fall within the exception to the general rule hereinabove referred to.

We find no abuse of discretion on the part of the District Judge in overruling appellant's amended motion for a new trial based on newly discovered evidence. Patterson v. National Life & Accident Ins. Co., 183 F.2d 745, 747, C.A. 6th.

The judgment is affirmed.