Norris **EVANS** and Overseas Maritime Company, Inc., Appellees,

v.

**CAROLINA SHIPPING COMPANY,** Appellant.

No. 71–1390.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1971.

Decided Nov. 15, 1971.

Charles H. Gibbs, Charleston, S. C. (Sinkler, Gibbs, Simons & Guerard, P. A. Charleston, S. C., on brief), for appellant.

B. Allston Moore, Jr., Charleston, S. C. (Buist, Moore, Smythe & McGee, Charleston, S. C., on brief), for appellees.

Before WINTER, CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

After Overseas Maritime Company, Inc., owner of the SS PACIFIC TELSTAR, settled the suit of Norris Evans, a longshoreman severely injured when a bale of cotton duck was dropped on him during unloading, it went to trial on its third-party claim against Carolina Shipping Company, in which it had alleged breach of an implied warranty to perform the unloading operation in a safe and workmanlike manner. The district court, 330 F.Supp. 654, found that the implied warranty had been breached and it awarded Overseas $137,500.00, the amount it had paid Evans, with interest and attorneys' fees. Because Overseas' settlement with Evans included assumption by Overseas of any amounts Evans would owe to Carolina to reimburse it for compensation provided under the Longshoremen's and Harbor Workers' Compensation Act, the district court extinguished the subrogation lien of Carolina and its compensation carrier. We affirm.

Although the TELSTAR was being unloaded in a customary manner, i. e., by the use of hooks attached to the metal bands binding the bales, we think that there was sufficient evidence to show that several hours prior to the accident Carolina knew or should have known that this customary method of unloading was being improperly pursued or that it was an unsafe method to pursue under the particular facts of this case, or both. In this regard the findings of the district court were not clearly erroneous and its conclusion that Carolina, by pursuing the unloading in this manner notwithstanding such notice,

**190**

breached its implied warranty correctly followed.

We find no error in extinguishment of Carolina's subrogation lien. First, there was evidence that at a time when it was contemplated that the ship would contribute half of the sum paid to Evans without reimbursement, Carolina agreed that the payment to Evans "net" was fair and reasonable. Second, with commendable candor, Carolina's counsel in argument before us admitted that in view of the severity of Evans' injuries, his age and earning capacity, payment to him of $137,500.00 together with an additional sum for his compensation benefits ($25,668.28) would not be excessive. Third, and perhaps more importantly, we conclude that Overseas' agreement with Evans to assume his obligation to reimburse Carolina, or its compensation carrier, is indistinguishable from what was held to be permitted methods of settlement of such claims in Jarka Corp. of New England v. United States Lines Co., 387 F.2d 436, 438 (1 Cir. 1967).

Affirmed.