Joseph Emmett WADSWORTH,
Plaintiff–Appellant,

v.

Eugene CLINDON, Defendant–Appellee.

Joseph Emmett WADSWORTH,
Plaintiff–Appellee,

v.

Eugene CLINDON,
Defendant–Appellant.

Nos. 87–1687, 87–1694.

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1988.

Decided May 13, 1988.

Marianne Corr (Jones, Day, Reavis & Pogue, Kerry A. Scanlon, Washington Lawyers' Committee For Civil Rights Under Law, William P. Robinson, Jr., William T. Mason, Jr., Robinson, Zaliski & Lindsay, on brief), for plaintiff-appellant.

John R. Lomax (Fine, Fine, Legum & Fine, P.A., on brief), for defendant-appellee.

Before WILKINSON and WILKINS, Circuit Judges, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

In this appeal the facts are largely undisputed. Defendant, Clindon, who is white, refused to rent his cottage to plaintiff, Wadsworth, who is black. Plaintiff brought this action under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982.

Prior to trial defendant admitted liability under the Fair Housing Act and the Civil Rights Act, Sections 1981 and 1982. Trial proceeded on damages only. The jury returned a verdict for plaintiff for $1000 compensatory damages and $5000 punitive damages.

## I.

Post-trial motions raised the issue of faulty jury instructions. The court had given the instructions generally applicable to punitive damages, but had denied to defendant instructions pointing out a specific statutory limitation in the Fair Housing Act, which put a cap of $1000 on punitive damages. The trial court, finding that it had committed reversible error in its instructions, ordered a new trial on the punitive damage issue only. The jury verdict of $1000 for compensatory damages was retained.

At the second trial, the court instructed the jury[1] of the limitation of $1000 on punitive damages contained in the Fair Housing Act. The court explicitly stated that the statutory limitation under the Fair Housing Act was to be considered by the jury for guidance only. The court expressly told the jury that there was no limitation on what they could award under the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982. The jury did not award any punitive damages. On appeal, the plaintiff challenges the action of the trial court in setting aside the verdict in the first trial and ordering a partial new trial.

■ The granting of a new trial is a matter resting in the sound discretion of the trial judge, and his action is not reviewable upon appeal except in the most exceptional circumstances. *City of Richmond v. Atlantic Co.*, 273 F.2d 902 (4th Cir.1960);

*Aetna Casualty & Surety Co. v. Yeatts*, 122 F.2d 350 (4th Cir.1941). A motion for a new trial is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed on appeal unless such an action constitutes a manifest abuse of discretion. *Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne*, 386 F.2d 193 (4th Cir.1967); *A.W. Hawkins, Inc. v. United States*, 244 F.2d 854 (4th Cir.1957). The granting or denying of a new trial, either for excessiveness or inadequateness of the verdict, is discretionary with the trial court and not reviewable absent an abuse of discretion. *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 511 F.2d 839 (4th Cir.1975).

■ In this case the action of the trial court, exercising its discretion in granting a new trial has not been shown to be an abuse of discretion, but, to the contrary, is clearly in accord with substantial authority. *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978); *Parker v. Shonfeld*, 409 F.Supp. 876 (N.D.Cal.1976); *Clemons v. Runck*, 402 F.Supp. 863 (S.D. Ohio 1975).

## II.

■ Plaintiff submitted to the court a claim for attorneys' fees pursuant to the Civil Rights Act, 42 U.S.C. § 1988. Such fees are also allowable under the Fair Housing Act, 42 U.S.C. § 3612(c). In accord with the statutes, a substantial award of attorneys' fees and costs, $13,317, was made, albeit a reduction from the claims slightly in excess of $21,000. Under each of the two statutes, referred to just above, applicable to attorneys' fees in this case, attorneys' fees are addressed to the sound discretion of the court and must be reasonable.

---

1. The instruction as given, Joint Appendix, page 56:

"Now, the defendant has admitted violating both the Fair Housing Act of 1968 and the Civil Rights Act of 1866, which are referred to as Sections 1981 and 1982 of Title 42 of the United States Code. For your guidance you may consider that the maximum amount of punitive damages recoverable under the Fair Housing Act is $1 thousand. Reference to this limitation in the Fair Housing Act is not a limitation under Sections 1981 and 1982 of the Civil Rights Act. Those sections contain no limitation on punitive damages. You may consider such limitation in awarding punitive damages in this case, but you are not limited thereby. You may award such punitive damages as you decide are appropriate under the facts and circumstances of the case and under the charge as given you by the court."

In his exhaustive opinion on the subject of attorneys' fees in this case filed November 13, 1986, the trial court analyzed with logic the evidence in the case, the authorities at hand and stated the court's reasoning in detail. His sound determination of a fee which this court finds reasonable has not been shown to be an abuse of discretion or in substantial error and will not be disturbed.

AFFIRMED.