884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
W. Randolph McDANIEL,
v.
POLK COUNTY, NORTH CAROLINA, and Rachel J. Ramsey, Warren
Carson, Carson Deck, and Henry S. Huntsinger, individually
and in the capacity of Commissioners of Polk County, North
Carolina and HENRY S. HUNTSINGER, individually and in the
capacity of County Manager of Polk County, North Carolina,
Defendants/Appellees.
W. Randolph McDANIEL, Plaintiff/Appellant,
v.
POLK COUNTY, NORTH CAROLINA, and Rachel J. Ramsey, Warren
Carson, Carson Deck, and Henry S. Huntsinger, individually
and in the capacity of Commissioners of Polk County, North
Carolina, and Henry S. Huntsinger, individually and in the
capacity of County Manager of Polk County, North Carolina,
Defendants/Appellees.
 Nos. 88-2018, 88-2164.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1989.
Decided Aug. 29, 1989.
 
 Before RUSSELL and WILKINSON, Circuit Judges, and JAMES C. TURK, Chief Judge, United States District Court for the Western District of Virginia, sitting by designation.
 Shelly Blum for appellant.
 Tyrus V. Dahl, Jr. (Womble, Carlyle, Sandridge & Rice on brief) for appellees.
 PER CURIAM:
 
 
 1
 W. Randolph McDaniel appeals from the district court's order granting a directed verdict in favor of all defendants at the end of the evidence in the jury trial on his Sec. 1983 action. McDaniel also appeals from the subsequent order of the district court finding that the Polk County personnel policy was only a policy and was not an ordinance. We agree with the decision of the district court on each issue and affirm.
 
 
 2
 McDaniel was the Polk County Building Inspector in 1986 when the membership on the County Commission changed with the election of three new Democratic commissioners. During an early meeting, the commission voted to create a new position of County Maintenance Supervisor and to transfer McDaniel to this new position. It is undisputed that the new position involved equal salary and employment rights, a larger budget and more subordinate employees. The new position was that of a department head with greater responsibilities than those of the Building Inspector. McDaniel was notified of the transfer and immediately took sick leave. He did not return to work when his leave expired, and he was terminated for failure to report to work. McDaniel then filed this action under 42 U.S.C. Sec. 1983 alleging that he was demoted and terminated because of his membership in the Republican party and that he was denied certain due process rights by the county's failure to provide him with a pre-transfer and a pre-termination hearing.
 
 
 3
 SUFFICIENCY OF EVIDENCE ON ISSUE OF DISCRIMINATORY TRANSFER
 
 AND DISCHARGE
 
 4
 At the conclusion of the evidence at trial, the district court granted the defendants' motion for a directed verdict. A directed verdict should be granted where there is no substantial evidence in dispute and, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the proper verdict. Business Development Corp. of North Carolina v. United States, 428 F.2d 451 (4th Cir.), cert. denied 400 U.S. 957 (1970); Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne, 386 F.2d 193 (4th Cir.1967). To avoid a directed verdict, the plaintiff must present sufficient evidence to support a reasonable inference that it is probable, not merely possible, that the county's decision to transfer him and subsequently to terminate his employment was improperly based on McDaniel's political affiliation. See Lovelace v. Sherwin-Williams, 681 F.2d 230 (4th Cir.1982). Cases should not go to the jury based upon speculation, conjecture, or mere possibility. Id. at 241-42.
 
 
 5
 All parties agree that a public official may not be discharged solely for reasons of political patronage unless the employer can demonstrate that the party affiliation is necessary for the effective performance of the job. McDaniel is unable to meet even the initial burden of showing that he was discharged. The Court recognizes that a transfer may in certain egregious circumstances serve as a constructive discharge, but the transfer in this case was to a position of equal salary, benefits, responsibility and status and was located in the same geographic area. It was not a demotion so demeaning as to constitute the "substantial equivalent of dismissal." See DeLong v. United States, 621 F.2d 618, 624 (4th Cir.1980). McDaniel was an at-will employee who was subject to transfer. When he was transferred laterally to a similar position, he resigned by failing to report for work at his new job. McDaniel simply did not want any other job and, when he was transferred, he refused to report. McDaniel's decision to resign rather than accept the lateral transfer is not a proper basis for a federal lawsuit, and we agree with the district court's decision to withdraw the case from the jury.
 
 
 6
 Equally fatal to McDaniel's claim is his inability to present any evidence to contradict the commissioner's testimony that they were unaware that McDaniel was a Republican. Indeed, McDaniel admitted that he was not politically active. Appellant references two statements attributed to the defendants to support his argument that the case should have been submitted to the jury. The first statement, allegedly made by one of the commissioners, was that "when we get in, we'll make a clean sweep." The second statement was "he will be the first to go." Neither of these statements contain any reference to political affiliation, and the witnesses who presented these statements admitted that their testimony was based on their assumption of what the statements meant. As discussed above, mere assumptions are not a sufficient basis for submitting a case to a jury.
 
 
 7
 Finally, the defendants presented sound, legitimate reasons for their personnel decisions. The commissioners had received complaints about McDaniel's inability to deal effectively with the public and the county needed a building supervisor to care for the many county buildings. The commissioners saw the transfer of McDaniel to County Maintenance Supervisor as a simple way to resolve both of these issues.
 
 
 8
 McDaniel presented only speculation and conjecture that his political affiliation played any part in the commissioner's decision to transfer him to another position. Consequently, the district court properly granted the defendants' motion for a directed verdict and his decision is affirmed.
 
 
 9
 DUE PROCESS RIGHTS TO PRE-TRANSFER AND PRE-TERMINATION
 
 HEARING
 
 10
 McDaniel also argues that he was denied certain due process rights when he was not provided with a hearing prior to his transfer and termination. Under North Carolina law, a county personnel policy does not confer any due process rights upon an at-will employee unless those rights have been embodied in an ordinance. Pittman v. Wilson County, 839 F.2d 225 (4th Cir.1988). Following an evidentiary hearing, the district court found that the policy was not an ordinance and, therefore, conferred no due process rights. The district court's finding that the policy was not an ordinance must be upheld by this Court unless it is clearly erroneous. Fed.R.Civ.P. 52(a). We agree with the district court's determination on this issue, and we affirm.
 
 
 11
 The policy was adopted by the full commission as required for an ordinance, but there was no evidence that unanimity was necessary for passage. State law in North Carolina requires that all ordinances be kept in the Ordinance Book, but there was no evidence that the personnel policy had ever been kept there. Ordinances have penalties for violations, but the personnel policy contains no penalty provisions. The policy is referred to as both Personnel Policy and Personnel Ordinance on cover sheets, but refers to itself throughout the text as a policy. The commissioners at the time the policy was adopted testified that their memories were not clear, but that they did not believe they passed any ordinances. The County Clerk testified that it was a policy and was never treated as an ordinance. It is apparent from this evidence that the district court's finding that the personnel policy was not an ordinance was not clearly erroneous and should be affirmed.
 
 CONCLUSION
 
 12
 Based upon the foregoing, the district court's entry of a directed verdict in favor of the defendants and the district court's finding that the personnel policy was not an ordinance were both proper and we affirm.
 
 
 13
 AFFIRMED.