963 F.2d 378
 1992 A.M.C. 2699
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DISTRIBUTION SERVICES LIMITED, Defendant-Appellant,
v.
HONG KONG ISLANDS LINE AMERICA S.A., Plaintiff-Appellee.
 No. 91-55513.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided May 15, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, CAULFIELD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm the district court's rejection of the force majeure defense as inconsistent with the continued shipments under the contract.
 
 
 4
 Pursuant to the force majeure provisions of the contract, the party asserting force majeure must provide the other party with written notice of the existence of force majeure and notice of when the force majeure period has ended. Periods of force majeure are termed "disability periods" during which "each party is excused" from performance, and the minimum volume requirement is reduced on a pro rata basis.
 
 
 5
 Distribution Services argues the contract allowed continued shipments under the contract during disability periods. Such an interpretation is in conflict with the contract language, which provides that both sides are excused from performance during such periods. During a disability period, Hong Kong Islands is under no obligation to reserve space or to ship at the discounted contract price. There is no need to construe the contract in favor of allowing partial performance, as Distribution Services suggests, because the contract already provides for partial performance. Force majeure does not cancel the contract entirely, it suspends the contract until the disability period is over.[1]
 
 As the district court correctly stated:
 
 6
 After purporting to invoke the force majeure clause, DSL continued to ship under SC 231 and to claim the discounted prices established thereunder. In total, DSL shipped 1,541.25 FEUs of cargo under SC 231 after May 25, 1988. These shipments, and the claim of discount thereunder, were irreconcilable under SC 231, with the continuing claim of force majeure.
 
 
 7
 Because we affirm on this ground, we need not decide whether Distribution Services met its burden of proving the existence of force majeure or whether the notice sent by Distribution Services was sufficient to invoke the force majeure provisions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Barbara A. Caulfield, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if, as Distribution Services argues, the minimum volume requirement is not reduced for Saturdays, Sundays and holidays falling within a disability period, this is not inconsistent with the suspension of the contract during disability periods. The parties may have contemplated that goods ordinarily would not be loaded on Saturdays, Sundays and holidays, making a reduction in the minimum volume requirement unnecessary. The lack of a reduction for Saturdays, Sundays and holidays might impose a penalty on the exercise of the force majeure clause in certain situations, but the parties were free to agree to such a penalty