966 F.2d 1442
 1992 A.M.C. 2654, 1992 A.M.C. 2699
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert C. HEYMAN; Cornelia J. Heyman, his wife, Plaintiffs,
ITO CORPORATION OF BALTIMORE, A Maryland Corporation,
Defendant-Appellant,
v.
PUERTO RICO MARINE MANAGEMENT, INCORPORATED, A Delaware
Corporation, Defendant-Appellee,
and
670 LEASING COMPANY, A Delaware Corporation; Puerto Rico
Maritime Shipping Authority, A Non-Stock Public Corporation
of the Commonwealth of Puerto Rico; Primmi Trucking
Incorporated; Michael Kaminsky, Defendants.
Robert C. HEYMAN; Cornelia J. HEYMAN, his wife, Plaintiffs,
PUERTO RICO MARITIME SHIPPING AUTHORITY, A Non-Stock Public
Corporation of the Commonwealth of Puerto Rico;
Puerto Rico Marine Management,
Incorporated, A Delaware
Corporation,
Defendants-
Appellants,
v.
ITO CORPORATION OF BALTIMORE, A Maryland Corporation,
Defendant-Appellee,
and
670 LEASING COMPANY, A Delaware Corporation; Primmi
Trucking Incorporated; Michael Kaminsky, Defendants.
 Nos. 90-3165, & 90-3172
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1992
Decided: July 6, 1992
 
 Argued: Robert P. O'Brien, Niles, Barton & Wilmer, Baltimore, Maryland, for Appellant.
 Warren Bloss Daly, Jr., Ober, Kaler, Grimes & Shriver, Baltimore, Maryland, for Appellee.
 On Brief: Timothy T. Smith, Niles, Barton & Wilmer, Baltimore, Maryland, for Appellant.
 Robert B. Hopkins, Ober, Kaler, Grimes & Shriver, Baltimore, Maryland, for Appellee.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and WILLIAMS, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case stems from an accident occurring aboard the S.S. Puerto Rico on May 8, 1987, in which Robert Heyman was injured. The ship was operated by Puerto Rico Marine Management, Inc. (PRMMI), who hired Heyman on the day of the accident to be the ship's port relief officer. On that day, the ship was loading cargo at Baltimore, Maryland, and the loading stevedore was I.T.O. Corporation of Baltimore (ITO). During the course of the loading, a trailer being operated by ITO on one of the ship's decks backed over and seriously injured Heyman, who had gone to the deck to check the lashings on cargo. Heyman, who suffered from a hearing loss, apparently was unable to hear either the trailer's warning siren or a shouted warning from a nearby elevator operator.
 
 
 2
 Employing a variety of theories, Heyman and his wife sued PRMMI, Puerto Rico Maritime Shipping Authority (PRMSA),* ITO, and the ITO employee who operated the equipment that ran over Heyman. At the conclusion of its deliberations in the case, the jury returned a special verdict form setting out several factual findings. The jury found that ITO, PRMMI, and PRMSA had been negligent, and the jurors also determined that Heyman was 25 percent contributorily negligent. In accordance with these findings, the district court entered judgment in favor of Heyman against PRMMI, PRMSA, and ITO jointly and severally in the amount of $140,625, and in favor of Heyman and his wife against ITO only in the amount of $150,000.
 
 
 3
 PRMMI then filed a motion to revise the judgment, asserting that it was entitled to indemnification from ITO for the portion of the judgment it had paid, Heyman's maintenance and cure expenses, attorneys' fees and costs, and prejudgment interest. The basis for the indemnification request was that ITO's negligence constituted a breach of the stevedore's implied warranty of workmanlike performance established by Ryan Stevedoring Company v. Pan-Atlantic Steamship Corporation, 350 U.S. 124, 132-35 (1956).
 
 
 4
 The district court granted indemnity to PRMMI for the maintenance and cure expenses that it had paid as well as for attorneys' fees. Contrary to ITO's argument, the court reasoned that the jury's finding that PRMMI had been negligent did not preclude indemnity. Noting that ITO was in immediate control of the equipment that injured Heyman and that Heyman was at the place of the accident to perform a function associated with the stevedoring operation, the district court concluded that PRMMI's negligence did not constitute an active hindrance to ITO's ability to perform its functions safely. Moreover, the district court found that ITO's negligence amounted to a breach of the implied warranty, so it awarded indemnification to PRMMI. ITO appeals the indemnification order, and PRMMI has filed a cross-appeal arguing that the district court should have included the amount of the judgment it had to pay as well as prejudgment interest as part of the indemnification.
 
 
 5
 We affirm the judgment of the district court. ITO's contention that Ryan indemnity is not applicable to this case is misplaced. The Ryan implied warranty of workmanlike performance extends to the operation of equipment incidental to the stevedore's cargo handling duties. Weyerhauser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567 (1958). In addition, even though congressional action has made Ryan indemnity inapplicable to cases involving injuries to longshoremen, it is still a viable doctrine in cases such as this involving an injury to a seaman. See, e.g., Campbell Indus., Inc. v. Offshore Logistics Int'l, Inc., 816 F.2d 1401, 1404-05 (9th Cir. 1987).
 
 
 6
 The jury's finding that PRMMI had been negligent is also no bar to indemnification. "[R]ecovery in indemnity for breach of the stevedore's warranty is based upon an agreement between the shipowner and stevedore and is not necessarily affected or defeated by the shipowner's negligence, whether active or passive, primary or secondary." Italia Societa Per Azioni Di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 321 (1964). The test established by this circuit for determining whether the shipowner's negligence precludes indemnity is whether the shipowner's actions prevented or seriously handicapped the stevedore from performing its duties. See Tebbs v. BakerWhiteley Towing Co., 407 F.2d 1055, 1059 (4th Cir. 1969); Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne, 386 F.2d 193, 197 (4th Cir. 1967). This test runs parallel to the stated purpose of Ryan indemnity, which is to place liability "upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury." Italia Societa, 376 U.S. at 324. We find no error in the district court's determination that PRMMI's negligence did not impede ITO's performance of its duties to the extent necessary to prevent Ryan indemnity.
 
 
 7
 We also reject ITO's claim that there was insufficient proof that ITO's breach of warranty had caused PRMMI's liability to Heyman. In cases where Ryan indemnity is otherwise applicable, a shipowner is entitled to indemnification "for all damages it sustained as a result of the stevedoring company's breach of its warranty of workmanlike service." Crumady v. The J.H. Fisser, 358 U.S. 423, 428 (1959). The district court found that ITO's negligent operation of its equipment breached its implied warranty and resulted in Heyman's injuries. Those injuries in turn gave rise to PRMMI's obligation to provide maintenance and cure to Heyman. There is nothing in the record to suggest that these findings are erroneous, and they plainly establish the requisite causation. For these reasons, we affirm the district court's order that ITO indemnify PRMMI for the expenses it incurred in paying Heyman's maintenance and cure.
 
 
 8
 We also find no reversible error in the district court's failure to order ITO to indemnify PRMMI for its share of the judgment. The jury found PRMMI was negligent toward Heyman, and the district court consequently issued a judgment in the amount of $140,625 for which ITO and PRMMI were jointly and severally liable. We simply have no basis to conclude that the district court should have disturbed the jury's verdict and the resulting joint and several liability through an award of indemnification favoring PRMMI.
 
 
 9
 We therefore affirm the indemnification order as to maintenance and cure expenses, but we decline the invitation to extend the indemnification to the portion of the $140,625 judgment satisfied by PRMMI. That the district court found ITO responsible for the actual stevedoring operation and PRMMI entitled to indemnity as to maintenance and cure does not establish that PRMMI was altogether without fault with regard to Heyman's accident. We remand the case to the district court for further proceedings consistent with this opinion.
 
 AFFIRMED AND REMANDED
 
 
 *
 This party was the bareboat charterer and owner pro hac vice of the ship. Because its interests and those of PRMMI are identical for purposes of this appeal, they will be referred to collectively as PRMMI